# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACEY JACKSON, | No. 4:17-CV-02181 |
| Plaintiff, | (Judge Brann) |
| v. | |
| THE PENNSYLVANIA STATE UNIVERSITY, | |
| Defendant. | |

## MEMORANDUM OPINION

### JULY 31, 2018

The Pennsylvania State University ("PSU") moved to dismiss Tracey Jackson's complaint.[1]  For the reasons that follow, PSU's motion will be granted in part and denied in part.

## I. BACKGROUND

Ms. Jackson is a former employee of PSU.  Her complaint alleges that she was wrongfully discharged on the basis of her age, and contains claims under the Age Discrimination in Employment Act (Counts I and IV); the Pennsylvania Human Relations Act (Counts II and VII); the Borough of State College Anti-Discrimination in Employment Ordinance (Counts III and VIII); the Employee

---

[1] ECF No. 6.

Retirement Income Security Act (Count V); Title VII of the Civil Rights Act of 1964 (Count VI); and 42 U.S.C. § 1981 (Count IX).

PSU's motion seeks to dismiss Counts III, V, and VIII of Ms. Jackson's Complaint.[2] It also seeks to dismiss Ms. Jackson's request for punitive damages,[3] but PSU later withdrew that portion of its motion.[4]

When opposing PSU's motion, Ms. Jackson agreed that Count V should be dismissed.[5] Consequently, this Court will dismiss it with prejudice, and only address PSU's motion vis-à-vis Counts III and VIII.

## II. DISCUSSION

PSU's sole argument in favor of dismissing Counts III and VIII is that Ms. Jackson failed to exhaust her administrative remedies before filing the instant suit—*i.e.*, that she failed to file a complaint with the State College Human Relations Commission ("SCHRC") before bringing her claim in this Court. In response, Ms. Jackson argues that her cross-filing with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") satisfied the Ordinance's exhaustion requirement.

---

[2] PSU's Brief in Support (ECF No. 7) §§ IV.A and IV.B.
[3] *Id.* § IV.C.
[4] PSU's Reply Brief (ECF No. 10) § I.B.
[5] Ms. Jackson's Brief in Opposition (ECF No. 9) § III.B.

The Borough of State College Anti-Discrimination in Employment Ordinance ("Ordinance") provides a private right of action to those injured by workplace discrimination.[6] Section 908.b of the Ordinance states that such right of action "may be brought:"

> (1) upon receipt by the aggrieved Person(s) of notice that the [SCHRC] has dismissed the compliant; or
> (2) if no such notice is received, after (1) year from the date of the filing of the complaint.

PSU argues that this Section required Ms. Jackson to file a complaint with the SCHRC in addition to the complaint she filed with the EEOC and the PHRC.

Section 909 of the Ordinance, however, indicates that it "shall have no jurisdiction over matters which are the subject of pending or prior filings made by an aggrieved person before any state or federal court or agency of competent jurisdiction." Consequently, if this Court reads Section 908.b as requiring filing with the SCHRC, Section 909 would necessarily require a plaintiff such as Ms. Jackson to choose between bringing a suit under the Ordinance and bringing a suit under state and/or federal antidiscrimination laws.

Imposing such a choice, however, would violate another part of the Ordinance, Section 908.c, which states that "nothing in this Ordinance limits the right of an aggrieved Person to recover under any other applicable law or legal theory." It would additionally violate the Ordinance's stated purpose—*i.e.*, "to

---

[6] State College Ordinance § 5-908.a.

foster the employment of all persons in accordance with their fullest capacities regardless of" a number of personal characteristics.[7]

It is unlikely that the Ordinance's drafters intended such a result. Therefore, this Court will read Section 908.b as permitting exhaustion by filing a complaint with another administrative body, at least when a plaintiff's claims under the Ordinance are based on the same facts as the claims submitted to that other body.[8] As a result, Ms. Jackson has satisfied the Ordinance's exhaustion requirements by

---

[7] *Id.* § 902.b.

Section 909 also states that "[n]othing contained herein shall prohibit any aggrieved person from pursuing any civil, state[,] or federal remedy available *following* completion of proceedings under this ordinance" (emphasis added). It could be argued, then, that the Ordinance requires a plaintiff to exhaust his or her remedies with the SCHRC *before* filing with the EEOC or the PHRC. Federal and state antidiscrimination laws, however, impose strict time limits on when administrative complaint may be made. *See, e.g.*, *Richards v. Foulke Associates, Inc.*, 151 F. Supp. 2d 610, 612 (E.D. Pa. 2001) (noting that the PHRA requires the filing of an administrative complaint within 180 days of the alleged discriminatory act). A plaintiff who files first with the SCHRC, and waits for that body to act, risks losing their right to proceed under those other laws. Such a reading of the Ordinance, then, also violates Section 908.c's command as well as the Ordinance's stated purpose.

[8] *See generally Vandegrift v. City of Philadelphia*, 228 F. Supp. 3d 464, 480-83 (E.D. Pa. 2017) (interpreting a similar municipal ordinance in the same fashion); *see also* State College Borough Human Relations Commission, Guide for Complainant 11 ("As per Section 909 of State College's Anti-Discrimination in Employment Ordinance, complaints may only be filed with one agency."), *available at* http://pa-statecollege2.civicplus.com/DocumentCenter/View/1319/Complaint-single-pages?bidId=.

In its Reply Brief (ECF No. 10), PSU argues that this Court's decision in *Stewart v. Keystone Real Estate Group LP*, 2015 WL 1471320 (M.D. Pa. March 31, 2015), "unmistakably requires exhaustion of administrative remedies within the Ordinance prior to filing in Court." It appears, however, that the plaintiff in that case did not raise the argument raised by Ms. Jackson here—*i.e.*, that exhaustion with the EEOC and the PHRC would satisfy the Ordinance's exhaustion requirements.

cross-filing with the EEOC and the PHRA, and Counts III and VIII of her Complaint will survive.

## III. CONCLUSION

For the reasons discussed above, PSU's motion to dismiss Ms. Jackson's Complaint will be granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge