**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRACEY JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY,<br><br>Defendant. | No. 4:17-CV-02181<br><br>(Judge Brann) |

**MEMORANDUM OPINION**

**FEBRUARY 13, 2020**

Defendant The Pennsylvania State University ("Penn State") has moved to dismiss Plaintiff Tracey Jackson's Complaint with prejudice.[1] Penn State argues that this Court should dismiss Jackson's Complaint under Federal Rule of Civil Procedure 41(b) because Jackson has failed to prosecute her case and has failed to comply with a previous Order of this Court.[2] The Court is frustrated by the lack of progress on this case. But the Court will hold Penn State's motion in abeyance and adjust the discovery and dispositive motions deadlines once more.

---

1 ECF No. 36.

2 *See* ECF No. 37 at 6.

## I. FACTS

The relevant facts here boil down to a recounting of the last nine-plus months of procedural history. A chronology illustrates this case's progression (or lack thereof).

a. April 29, 2019: The Court grants Jackson's counsel's motion to withdraw.[3]

b. May 17, 2019: Penn State's counsel requests an Order directing Jackson to provide "information about how she intends to proceed with the litigation" in the wake of her counsel's withdrawal, as well as "a telephone status conference for purposes of discussing the ongoing litigation of this matter due to the recent withdrawal" of Jackson's counsel.[4]

c. May 31, 2019: The Court holds the telephonic status conference. Jackson advises that she anticipates being able to have an attorney retained on or before June 17, 2019. The Court urges Jackson to obtain her case file from previous counsel.[5]

d. June 17, 2019: Jackson advises Penn State's counsel that she hadn't yet retained new counsel and requested until July 15, 2019 to do so.[6]

e. August 8, 2019: After another telephonic status conference at Penn State's counsel's request,[7] the Court affords Jackson another thirty days to obtain counsel. (This thirty days was on top of the sixty days the Court already gave Jackson.) The Court also extends discovery deadlines.[8]

f. September 6, 2019: Jackson informs Penn State's counsel that she did not retain new counsel and would be proceeding *pro se*. That day,

[3] ECF No. 21.

[4] ECF No. 22.

[5] ECF No. 23.

[6] ECF No. 26.

[7] ECF Nos. 26-28.

[8] ECF No. 30.

Penn State's counsel advises the Court and Jackson that Penn State would be proceeding with discovery to comply with the discovery deadline that the Court had set on August 8.[9]

g. September 17, 2019: Penn State's counsel writes to Jackson. Penn State's counsel outlines outstanding discovery deficiencies and asks Jackson to identify dates for a deposition.[10] Jackson did not respond.

h. October 28, 2019: The Court holds a third status conference—again, at Penn State's counsel's request "for purposes of ensuring that Ms. Jackson is aware of her obligations with respect to discovery."[11]

i. November 1, 2019: Penn State's counsel requests another extension of discovery deadlines because of Jackson's failure to respond.[12] The Court responds by granting the extension and specifically ordering Jackson to provide Penn State's counsel with discovery responses by November 15, 2019 and to make herself available for a deposition by December 15, 2019.[13]

j. November 7, 2019: Penn State's counsel transmits the Court's November 1, 2019 Order to Jackson and asks Jackson to provide available deposition dates.[14]

k. November 20, 2019: Having not received the Court-ordered discovery responses, Penn State's counsel writes Jackson again, (1) following up on the discovery responses, (2) asking for deposition dates, and (3) advising that Penn State would seek a Rule 41(b) dismissal if Jackson continued to not comply and not participate.[15]

l. December 16, 2019: After continued silence from Jackson on all fronts, Penn State's counsel writes Jackson yet again, advising

---

9 ECF No. 31.

10 ECF No. 38 at 1-2.

11 ECF No. 32.

12 ECF No. 34.

13 ECF No. 35.

14 ECF No. 38-1.

15 ECF No. 38-2.

Jackson that it would seek a Rule 41(b) dismissal if Jackson did not reply by December 20, 2019.[16]

m. January 8, 2020: Penn State files its Rule 41(b) dismissal motion.[17] Jackson has not submitted a Brief in Opposition.

## II. LEGAL STANDARDS

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[18]

Before dismissing a case in this fashion, a district court must first consider six factors that the United States Court of Appeals for the Third Circuit developed in *Poulis v. State Farm Fire & Casualty Company*. These factors are as follows.[19] No single factor is dispositive, and a party does not need to satisfy all six for a district court to dismiss a complaint.[20]

1. The extent of the party's personal responsibility.
2. The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
3. A history of dilatoriness.
4. Whether the conduct of the party or the attorney was willful or in bad faith.

---

16 ECF No. 38-3.

17 ECF No. 36.

18 Fed. R. Civ. P. 41(b).

19 *Lawrence v. Nutter*, 655 F. App'x 129, 131 (3d Cir. 2016) (*quoting Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

20 *Black v. Pennsylvania Bd. of Prob. & Parole*, 717 F. App'x 103, 104 (3d Cir. 2017).

5. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
6. The meritoriousness of the claim or defense.

Further, the Third Circuit has observed that the remedy that Penn State seeks here—a dismissal with prejudice—is a "drastic" and "extreme" sanction.[21] Indeed, the Third Circuit has instructed that, first, "district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits," and, second, "dismissal must be a sanction of last, not first, resort."[22] Put another way, if a case is close, a district court should resolve any doubts it might have in favor of reaching a decision on the merits.[23]

## III. ANALYSIS

### A. Jackson bears personal responsibility.

The Court has personally instructed Jackson on her responsibilities in prosecuting this case. Jackson has had over nine months to retain counsel. But she has not done so. Nor has Jackson followed through on outstanding discovery responsibilities, even in the face of a Court order. Jackson, therefore, bears personal responsibility for not prosecuting her case.[24]

---

21 *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984)

22 *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 136 (3d Cir. 2019).

23 *Id.* at 132.

24 *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (plaintiff bore personal responsibility as it was proceeding *pro se* and could not blame failure to comply with court orders on counsel).

### B. Jackson has prejudiced her adversary, Penn State.

Jackson has failed to participate meaningfully in the discovery process. In particular, she has not provided fulsome discovery responses, and she has refused to make herself available for deposition. Jackson's failure to participate has forced the Court to extend the discovery schedule on multiple occasions and to order Jackson's compliance. When during the course of discovery, a plaintiff deprives a defendant of "necessary information" or forces the defendant "to expend costs to obtain court orders for compliance," that prejudices the defendant.[25] Further, a defendant's "encounter[ing] lack of cooperation from the plaintiff in areas where the plaintiff should cooperate under the spirit of the federal procedural rules" prejudices the defendant.[26] Applying the above chronology to these two legal principles, the Court finds that Jackson here has prejudiced her adversary, Penn State, because of her failure to meet scheduling orders and respond to discovery.

### C. Jackson has not shown a history of dilatory conduct.

Despite this prejudice, given the above chronology, the Court finds that Jackson has not shown a history of dilatory conduct. Simply put, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness."[27] Here, Jackson should be able to rely on the extensions of the discovery schedule

---

25 *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008).

26 *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

27 *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (cleaned up).

that this Court granted.[28] Jackson has only technically violated one Court order—my Order of November 1, 2019. Given that the Court has granted extensions of discovery deadlines, I cannot conclude at this juncture that Jackson has shown a history of dilatory conduct.

### D. The Court cannot conclude that Jackson's conduct here was willful or in bad faith.

If a party's conduct is "merely negligent or inadvertent," it does not extend to the level of "flagrant bad faith" required to satisfy this fourth factor.[29] Here, because Jackson "has not provided the Court with any reason for her nonperformance"—indeed, Jackson has not communicated with the Court for months—"the Court does not have sufficient information to support a finding of bad faith or willfulness." However, at this juncture, "this factor cannot be said to weigh against dismissal. In the absence of any explanation for [Jackson's] failure to prosecute, this factor is neutral to the Court's analysis."[30]

### E. The effectiveness of alternative sanctions is unclear.

Jackson is proceeding *pro se* but not *in forma pauperis*. The Third Circuit has given the general instruction that both of the above two things should be present before a district court concludes that alternative sanctions are not

---

28 *See Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011).

29 *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008).

30 *Luckett v. DeRose*, No. 1:12-CV-1588, 2013 WL 2126388, at *2 (M.D. Pa. May 15, 2013).

available.[31] Therefore, the Court finds that, though Jackson has not retained counsel for over nine months since her counsel withdrew, the alternative sanction of a fine may still be available. But would it be effective? The Court lacks information on Jackson's financial status—that is to say, whether she can pay a fine were the Court to order one. Further, neither the Court's continual adjusting of the discovery schedule nor a direct Court order has yielded progress in this litigation. This lighter-touch approach by the Court hasn't generated any results. With a cloudy record before the Court, the Court concludes that this factor is neutral to the Court's analysis.

**F. Jackson's remaining claims have merit.**

"Generally, in determining whether a plaintiff's claim is meritorious, [a district court uses] the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim."[32] The Court has already dealt with Penn State's earlier motion to dismiss for failure to state a claim. Many of Jackson's claims survived.[33] Therefore, as these "claims surpassed the Rule 12(b)(6) motion to dismiss standard . . . [they] are deemed to have merit."[34] And this factor then favors Jackson.

---

31 *See, e.g.*, *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011); *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008).

32 *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

33 *See* ECF Nos. 6, 11-12.

34 *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

## IV. CONCLUSION

The above analysis shows that two of the six *Poulis* factors favor Penn State, two are unclear, and two favor Jackson. Balancing all six factors, and keeping in mind the overall hesitance for dismissal with prejudice, I cannot at this time grant Penn State's motion.

But, as William Faulkner put it, "the past is never dead. It's not even past."[35] The Court is very dismayed by Jackson's failure to do anything on this case for what is now over nine months. The Court will hold Penn State's motion in abeyance. For now. But Jackson needs to prosecute her case.

The Court orders that Jackson provide Penn State's counsel with her outstanding discovery responses by April 10, 2020. Also, Jackson must make herself available for deposition by April 10, 2020.

If Jackson does not follow this instruction, this Court will find that Jackson's behavior here presents a history of dilatory, willful conduct. Jackson will have displayed a history of failing to proceed with discovery and willfully not following the Court's orders, even in the face of the explicit instruction that I have ordered today. This, in the Court's view, will tip the balance to granting Penn State's dismissal motion.[36]

---

35 REQUIEM FOR A NUN (1951).

36 *See Walstrum v. Wal-Mart Stores E., LP*, No. 1:18-CV-0806, 2019 WL 7501342, at *3 (M.D. Pa. Dec. 16, 2019), *report and recommendation adopted*, No. 1:18-CV-806, 2020 WL 94375 (M.D. Pa. Jan. 8, 2020) ("At this juncture, when a plaintiff fails to comply with instructions of the Court directing her to take specific actions in this case, the Court is compelled to

An accompanying Order memorializes this instruction and, in accordance, adjusts other discovery and dispositive motion deadlines.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions."); *Leininger v. Twoton, Inc.*, No. 09-CV-289, 2009 WL 1363386, at *6 (M.D. Pa. May 14, 2009) (plaintiff was forewarned that failure to comply with order would result in dismissal and still failed to prosecute case); *Adrian v. Williams*, No. 3:12-CV-2585, 2013 WL 5551329, at *4 (M.D. Pa. Oct. 8, 2013) (same); *Torres v. Gautsch*, 304 F.R.D. 189, 193 (M.D. Pa. 2015) ("Here, despite multiple orders, months have passed with no response from Plaintiffs, and Defendant continues to be prejudiced by the delay. The Court therefore finds that dismissal is the appropriate disposition under the circumstances."); *Thomas v. City of Philadelphia*, No. CV 19-90, 2020 WL 586993, at *3 (E.D. Pa. Feb. 6, 2020) ("[B]ecause Thomas's failure to comply with the Court's orders have stalled the adjudication of this case and prejudiced Cole in his preparation of a defense, the *Poulis* factors weigh in favor of dismissal.).